**Fred GOSSETT, Appellant,**

**v.**

**LOCAL UNION NO. 185 et al., Appellees.**

**No. 13997.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1962.

Rehearing Denied Nov. 14, 1962.

Bryan Wingo, Corpus Christi, for appellant.

Edward Anderson, William H. Shireman, Walter Groce, Corpus Christi, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Fred Gossett against Local Union No. 185 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, hereinafter called Local Union No. 185, and Richard E. Skinner, the duly elected business representative of said Local Union No. 185, seeking to recover actual and exemplary damages suffered by plaintiff because of alleged acts of discrimination which prevented plaintiff from pursuing his trade as a Member of Local Union No. 185.

Thereafter, the defendants, Skinner and Local Union No. 185, filed a plea to the jurisdiction of the court, alleging that "this suit concerns the exercise of collective bargaining rights and the administration of National Collective Bargaining Agreements arrived at through the exercise of the

rights guaranteed to employees who are employed by employers engaged in interstate commerce or whose activities affect commerce within the meaning of the Labor Management Relations Act, 29 U.S.C.A., § 151 et seq., and that said Act provides for exclusive Federal Jurisdiction in the application and administration of same." After a hearing at which evidence was introduced this plea was overruled by the trial court.

Thereafter defendants filed an alleged motion for a summary judgment in which they again set up the lack of jurisdiction of the State Court to try and dispose of the matters presented by this suit. They attached to this motion an affidavit showing that an application and petition for an advisory opinion had been transmitted to the National Labor Relations Board, and that an advisory opinion had been received. Both the petition and advisory opinion are attached to this affidavit. After a hearing on the so-called motion for summary judgment, the 117th District Court of Nueces County rendered judgment to the effect that it did not have jurisdiction of this suit and dismissed the cause. Fred Grossett prosecuted this appeal from the judgment of dismissal.

Appellant timely filed the transcript in this Court, but no statement of facts. On April 30, 1962, some seventy-nine days after the judgment was rendered, appellant filed a motion asking for an extension of time within which to file the statement of facts. This motion came too late and was overruled by this Court. Rule 386, Texas Rules of Civil P.; Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587. Thus this appeal must be considered without the benefit of a statement of facts.

It has been said that a statement of facts is not required in a summary judgment proceeding, but this case is not a true summary judgment proceeding, it is nothing more than a further hearing of a plea in abatement. In McDonald, Texas Civil Practice, 1962 Cumulative Supplement to Vol. 4, §

17.26.1, p. 33, we find the following statement:

"(I) *On the whole case.* The circumstances in which the court properly may grant summary judgment can be succinctly stated in abstract terms, but the application to particular actions frequently requires careful analysis. The summary judgment practice looks to a decision upon the merits of the action, and hence is not an appropriate vehicle for testing questions which normally arise on pleas in abatement and are concerned with the procedural right to maintain the action. Summary judgment disposing of the entire action upon the merits is proper when, but only when, the trial court, on motion therefor, is satisfied that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' "

The trial court here did not render a judgment on the merits of the case, but, as is shown by the judgment entered, dismissed the cause for want of jurisdiction. The judgment in part reads as follows:

"* * * and it appearing to the Court that such motion has been made in proper time and form, * * * and that the parties through their respective attorneys of record are personally present and before the Court for a hearing on such motion; and if further appearing that the said motion is accompanied by an affidavit; and the Court having considered the pleadings, the testimony, *evidence* and *stipulations contained in the Court Reporter's Transcript of the hearing on the Plea to the Jurisdiction, depositions on file*, together with the affidavit, and finding that they show an absence of a genuine issue of any material fact upon the question that this Court is without jurisdiction to adjudicate the claim of plaintiff as declared upon in his second amended original petition, and that this summary judgment should be granted for the defend-

ants said Local Union No. 185 and Richard E. Skinner who are entitled thereto as a matter of law.

"It is accordingly ORDERED, ADJUDGED AND DECREED, that this cause be, and the same is hereby dismissed from the docket of this Court." (Emphasis ours.)

See, Forest Park Properties of Arlington, Inc. v. Padgett, Tex.Civ.App., 323 S.W.2d 320.

Looking beyond the label given the proceeding herein, and considering substance rather than form, the so-called "Motion for Summary Judgment" was nothing more than a re-presentment of appellees' plea in abatement.

■ Inasmuch as the trial court expressly states in its judgment that it considered, among other things, "the testimony, evidence and stipulations contained in the Court Reporter's Transcript of the hearing on the Plea to the Jurisdiction, depositions on file, together with the affidavit," we cannot consider the questions raised by appellant, in the absence of a statement of facts. In the absence of a statement of facts, we are unable to ascertain whether or not appellant was (1) a member in good standing of Local Union 185 at the pertinent times involved; (2) whether he exhausted his remedies within the Union, in accordance with the constitution and by-laws of the Union; (3) whether he proceeded under the constitution and by-laws of the Local Union, and if so what action it took on his complaint and perhaps other questions relating to the jurisdiction of the 117th District Court of Nueces County to hear this cause.

In arriving at our decision herein, we have assumed, without deciding, that this cause does not present matters over which the National Labor Relations Board would have exclusive jurisdiction. See United Ass'n. of Journeymen and Apprentices of Plumbing and Pipefitting Industry of U. S. and Canada v. Borden, 160 Tex. 203, 328 S. W.2d 739. Independent of this question, in the absence of a statement of facts, we have decided that the judgment of the trial court cannot be set aside.

The judgment is affirmed.