**INTERNATIONAL SERVICES INSURANCE COMPANY, Appellant,**

v.

**Ralph HANNA, Appellee.**

**No. 4724.**

Court of Civil Appeals of Texas, Eastland.

Sept. 20, 1974.

W. Wallace Brady, Fort Worth, for appellant.

Robinson, Hanna & Burke, Bob R. Hanna, Abilene, for appellee.

WALTER, Justice.

This is a venue case. Ralph Hanna filed suit against International Services Insurance Company on the collision portion of his insurance policy. The company's plea of privilege was overruled and it has appealed. Hanna contends that venue in Taylor County was proper under Subdivision 23 of Article 1995, Vernon's Ann. Tex.Civ.St. The company contends Hanna failed to bring himself within the provisions of Subdivision 23 because he did not discharge his burden of proving that the amount of his damages exceeded the $100 deductible provided for in the policy. Hanna testified that as a result of the collision the vehicle sustained the following damages:

"A The total front end of the Travel-all was moved approximately four

inches, four to six inches, to the right. The left front fender was gone.

Q You say 'was gone'. What do you mean?

A Well, it was crinkled up. The hood was crinkled. The radiator had moved back and the water hose had busted on it, and the left rear window was shattered, and the left rear quarter panel was smashed in where the gas tank was at, and smashed the gas tank. And that is about all there was to it."

 Hanna further testified that he had familiarized himself with the reasonable costs of repairing his car in Taylor County. Hanna's testimony that the costs of repairing his vehicle would exceed $2,000 was properly admitted. In Cortez v. Mascarro, 412 S.W.2d 342 (Tex.Civ.App.—San Antonio 1967, no writ hist.) at page 343 the court said:

"The general rule is that anyone familiar with the value of the thing in question is competent to give his opinion as to value. In the absence of a request for voir dire examination, the competency of the witness is established by his statement that he knows the value of the article in question. 2 McCormick, Texas Law of Evidence, § 1422, p. 260 (1956). The strength or weakness of the qualifications of the witness is merely a factor to be considered in weighing his testimony. Johnson v. Egert, 233 S.W.2d 958 (Tex.Civ.App., 1950, writ ref'd, n. r. e.)."

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.