Janice L. STEDMAN, Appellant,

v.

Ronald E. STEDMAN, Appellee.

No. 01–86–0798–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1987.

Miles M. Whittington, Galveston, for appellant.

Ervin A. Apffel, Jr., Otto D. Hewitt, III, Pamela S. Hoerster, McLeod, Alexander, Powel & Apffel, P.C., Galveston, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

OPINION

EVANS, Chief Justice.

The appellant seeks reversal of an order in the nature of a bill of review, which modifies the provisions of a divorce decree regarding division of property, child support, and visitation rights. We affirm the trial court's order.

In appellant's first three points of error, she contends: (1) that the trial court did not have jurisdiction to modify the property division provisions of the divorce decree; (2) that a summary judgment entered in a prior bill of review action that dismissed that action with prejudice, is res judicata of the issues asserted in appellee's motion to modify; and (3) that the motion to modify is an impermissible collateral attack on a divorce judgment.

The divorce decree is a final judgment, regular on its face, and is not subject to collateral attack. The decree was signed on January 22, 1985, and no appeal was taken by either party. On March 20, 1985, appellee filed a bill of review action in which he alleged that the decree had been entered without notice to him; that because of appellant's fraud, he was prevented from asserting his rights with respect to the marital estate; that the appellant falsely represented to him that her attorney would reduce the amount of child support to be specified in the decree; that the decree erroneously purported to divide properties in which the parties owned no interest, and incorrectly described and valued certain other properties; and that the appellant was not entitled to any profit sharing, retirement, and pension plan benefits that related to appellee's employment. In November 1985, the appellant moved for summary judgment in the bill of review action, alleging that appellee was precluded, as a matter of law, from maintaining the action, because he had not pursued his legal remedy of writ of error. On March 11, 1986, the trial court granted appellant's

motion for summary judgment and ordered the appellee's bill of review action dismissed with prejudice. The appellee did not appeal from that order.

In April 1986, (according to the appellant's brief) the appellee filed the present motion to modify the divorce decree. This motion is not a part of the appellate record, and, therefore, we have not reviewed the allegations set forth in the motion. After a non-jury hearing, the court granted appellee's motion modifying the divorce decree, and it is from that order that appellant brings this appeal. The court also filed specific findings of fact and conclusions of law, which shed some light on the nature of the motion to modify and the issues presented at the hearing. The court found, among other facts, that appellee did not have actual or constructive notice of the divorce hearing; that appellant's attorney failed to comply with local court rules in requesting the hearing and in furnishing copies of the request and proposed decree to opposing counsel; that the decree was entered without notice to the appellee; that the appellant's attorney falsely represented that the decree had been approved by the appellee, both as to form and substance; that the appellant knowingly misrepresented to the appellee that there was a likelihood of reconciliation and that the decree was not final, which resulted in appellee's delay in obtaining legal counsel; that the appellant had materially and substantially misrepresented the character and value of the marital estate; and that the basis for the summary judgment in the bill of review action was that appellee still had available a legal remedy by writ of error.

When the appellee filed his motion to modify in April 1986, his right to appeal and to file a petition for writ of error had expired. Thus, his only means for seeking review of the divorce decree was by a direct proceeding in the nature of a bill of review. The trial court's findings of fact and conclusions of law indicate that the court must have treated the motion to modify as raising issues sufficient to sustain a bill of review.

Under the record before us, we must presume that the issues reflected in the court's findings were either raised by the allegations in appellee's motion to modify or were tried by consent. *See* Tex.R.Civ.P. 67; *Yoast v. Yoast*, 620 S.W.2d 223 (Tex. Civ.App.—Tyler 1981), *aff'd in part, rev'd in part*, 649 S.W.2d 289 (Tex.1983). And because the appellant does not assert a point of error challenging the sufficiency of the evidence, we must also assume that the modification order has evidentiary support. *See Selkirk v. Selkirk*, 297 S.W. 578, 580 (Tex.Civ.App.—Galveston 1927, no writ).

Our Rules of Civil Procedure expressly recognize a bill of review action as being the appropriate means for obtaining review of a judgment after the party's legal remedies for appeal have expired. Tex. R.Civ.P. 329b(f). Thus, a bill of review action is expressly excepted from the prohibitions stated in Tex.Fam.Code Ann. sec. 3.71 (Vernon Supp.1987), that a divorce decree is not to be modified except as authorized by the Code and by the Rules of Civil Procedure.

We hold that the trial court did have jurisdiction and authority to modify the divorce decree, and we overrule the appellant's first point of error.

For the same reasons, we also overrule the appellant's third point of error in which she contends that the appellee's motion to modify constitutes an impermissible collateral attack on the divorce decree.

We also hold that the summary judgment order in the prior bill of review action is not res judicata of the issues decided by the court at the hearing on appellant's motion to modify. The appellant's motion for summary judgment was based on a single ground, i.e., that the appellee had not pursued his legal remedy by writ of error. The summary judgment order was not a final judgment entered after a conventional trial on the merits. *See Williams v. Southern Trust & Mortgage Co.*, 517 S.W.2d 453 (Tex.Civ.App.— Eastland 1974, writ ref'd n.r.e.). Neither did the order purport to address the merits of the issues asserted in the bill of review

petition. Therefore, we cannot presume that the order disposed of all issues on the merits. *See Sakser v. Fitze*, 708 S.W.2d 40 (Tex.App.—Dallas 1986, no writ). Although the order is labeled a summary judgment, it is, in essence, the equivalent of an order sustaining a plea in abatement. *See Gossett v. Local Union No. 185*, 361 S.W.2d 957 (Tex.Civ.App.—San Antonio 1962, no writ); *Forest Park Properties v. Padgett*, 323 S.W.2d 320, 324 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). And while the order recites that the action is to be dismissed "with prejudice," the only issue decided was whether the bill of review had been prematurely filed.

We hold that the doctrine of res judicata did not preclude the court's determination of the issues presented at the hearing on the appellee's motion to modify. *See Swenson v. Swenson*, 420 S.W.2d 638, 640 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ dism'd) (an order that merely rules on a technical or procedural defect is not res judicata of the merits of the case).

We overrule the appellant's second point of error.

In her fourth point of error, the appellant contends that the trial court erred in the admission in evidence of a letter dated August 20, 1985, that was purportedly sent by appellee's attorney to appellant's former attorney. According to the letter, there was an agreement between the parties to modify and to correct the original divorce decree. The appellant argues that this letter formed the basis for the court's determination of the modification to be made in the property division provisions of the decree.

The record reveals the following colloquy concerning admission of the letter:

> MR. APFFEL: With regard to that letter, Your Honor—I'm not quite sure where it is. I do want to introduce this in evidence.
>
> MR. WHITTINGTON: I'm going to object, Your Honor.
>
> THE COURT: I overrule the objection.

Error may not be predicated upon a ruling that admits evidence unless "a timely objection or motion to strike appears of record, stating the specific ground of objection." Tex.R.Evid. 103(a)(1). Here, the general objection did not preserve error.

Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.