Charles M. ANDERSON, Appellant,

v.

Marguerite A. ANDERSON, Appellee.

No. B14–87–00473–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1988.

Walter R. Grimes, Houston, for appellant.

Marguerite A. Anderson, Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from an order denying modification of child support. The appellant, Charles M. Anderson, brings one point of error. We affirm.

The parties' original divorce decree dated, June 25, 1974, was modified in 1978, increasing appellant's child support obligation for the three children of the marriage from $200.00 to $375.00 a month. On March 10, 1987, appellant filed a motion to modify, seeking a reduction in his child support obligation because of material and substantial changes in the circumstances of the children and himself. Appellant pled that since two of the three children of the marriage had "attained their majority since the entry of the order to be modified ..." and the income of movant had substantially decreased while the income of respondent had increased, his support payments should be decreased. Appellant testified at the hearing for modification that he had retired from his position as a sergeant with the Houston Police Department in March of 1985. Appellant admitted to receiving $39,-000.00 as a lump sum retirement settlement and a monthly retirement check of $875.00 upon his retirement. Appellant asserted that while he is currently not earning any income, he is attending Houston Community College working towards a degree in real estate. It was further established at the hearing that appellant still owned the two lots he received pursuant to the 1975 divorce decree.

Appellant's one point of error reads as follows:

> The trial court erred in denying appellant's motion to modify to reduce his child support to accord with the Supreme Court's Child Support Guidelines because the trial court's finding number five (5) (a) (b) (c) was against the great weight of the evidence and as such was an abuse of discretion.

Under Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1988), a successful movant must show by a preponderance of the evidence that "the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition." In making its determination, the trial court is accorded broad discretion in setting and modifying child support payments and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *Carpenter v. White*, 624 S.W.2d 618, 619 (Tex.App.—Houston [14th Dist] 1981, no writ).

The appellant's initial complaint is directed at the trial court's finding in number 5(a), that "[O]bligor has two (2) one acre lots in Montgomery County that could be sold". According to appellant, it was against the great weight of the evidence for the trial court to consider the two lots of real property when determining appellant's net resources because there was no testimony at trial attaching any value whatsoever to the property. Here, the appellant cites *Casterline v. Burden*, 560 S.W.2d 499, 501 (Tex.Civ.App.—Dallas 1977, no writ), for the proposition that the court may not order an obligor to undertake a loan in order to meet a child support obligation. The appellant reasons that the trial court's omission in failing to determine or even assign a value to the property while ordering him to sell it in order to pay his support obligation, may have the result of forcing appellant to borrow money in order to meet his obligation. He argues that without setting its value, the court could not be certain that the land was worth anything or even marketable. Thus, appellant urges this court that the trial court reasoned improperly in avoiding imposition of the considerably lower amount recommended as proper in Tex.Fam.Code Ann. (Child Support Guidelines) Rule 5 (Vernon Supp.1988). Quoting from the Child Support Guidelines set out by the Supreme Court, we note that under Rule 3, subsection (d) it reads:

> The court may consider any additional factors that increase or decrease the ability of the obligor to make child support

payments. When appropriate, in order to determine the "net resources" available for child support the court *may assign* a reasonable monetary value of "income" attributable to assets that do not currently produce income, ... [emphasis added].

The emphasized language, "may assign", clearly indicates that it is not *mandatory* that the court assign a value to such assets. It is well established that the duty to support is not limited to a parent's ability to pay from current earnings, but extends to his or her financial ability to pay from any and all sources that might be available. *Pharo v. Trice,* 711 S.W.2d 282 (Tex.App.—Dallas 1986, no writ). Consequently, once it is established that an obligor owns property he must entirely negate its value in order to preclude the court from considering it for purposes of his support obligation. Since it is undisputed that appellant owns the property based on the divorce decree, we hold he has not met his burden to show the reduced value of the property.

█ Next, appellant asserts that the trial court's finding that he voluntarily transferred funds, and thereby reduced the net resources available to the court, was against the great weight and preponderance of the evidence. At trial appellant testified that since March of 1985 he has been living off of his monthly retirement check of $875.00. However, in order to meet all of his expenses he found it necessary to use part of the $39,000.00 paid to him at his retirement. As a result, the appellant testified that he only had $3,000.00 left in savings and therefore, he could no longer meet his monthly child support payments.

Upon reviewing the statement of facts, we note that appellant itemized his expenses as totalling between $1,500 and $1,600 a month. This would result in appellant having used between $16,000 to $18,000 by the time of trial from the $39,000 lump sum he received in March, 1985. Consequently, appellant should have had considerably more than $3,000 remaining in savings. This is particularly true since records produced as evidence showed that appellant had $39,662 in savings and $2,000 in a checking account as late as September of 1985. Thus, it was *not* unreasonable for the court to surmise that the appellant had transferred funds. Without any explanation or evidence concerning the whereabout of the remaining funds after appellant's declared expenses, we cannot hold that the trial court's finding was against the great weight and preponderance of the evidence.

█ Finally, appellant complains the trial court finding that he was voluntarily underemployed was against the great weight and preponderance of the evidence. The record shows that appellant was fifty years old when he retired as a sergeant from the Houston police department and that he is currently enrolled in the Houston Community College taking fifteen semester hours a quarter and earning no income. Appellant admitted that while he did have a sponsoring broker in Austin, he had not inquired locally for employment selling real estate. Appellant did not deny that it would be possible for him to work while taking classes. A parent who is qualified to obtain gainful employment cannot evade his or her support obligations by voluntarily remaining unemployed. *See Eggemeyer v. Eggemeyer,* 535 S.W.2d 425, 427–28 (Tex.Civ.App.—Austin 1976), aff'd on other grounds, 554 S.W.2d 137 (Tex.1977). While the trial court's order should have found the appellant voluntarily unemployed instead of underemployed we find no harm from such error and overrule this subpoint.

█ Lastly, appellant argues "the trial court's findings amounted to a gross abuse of discretion because the trial court effectively circumvented the guidelines by ruling appellant must pay child support amounting to approximately 43 percent of his net resources." Rule 2 states the purpose behind the Child Support Guidelines, and reads in pertinent part:

The guidelines contained in these rules are intended to guide the courts of this state in determining equitable amounts of child support in all Suits Affecting the Parent–Child Relationship ... In deter-

mining the amount of child support, the court shall consider all appropriate factors, including, but not limited to:

(a) these guidelines;

(b) the needs of the child;

(c) the ability of the parents to contribute to the child support;

(d) any financial resources available for the support of the child; and

(e) the amount of possession of and access to a child.

We have not found that the trial court abused its discretion in making the findings already discussed. Furthermore, the Child Support Guidelines, as expressly stated, are only intended to serve as guidance for the trial court and should be considered along with the several other factors of consideration in determining child support. Appellant's point is overruled and the trial court's order is affirmed.