Dewey Edward LAPRADE, Appellant,

v.

Glenda L. LAPRADE, Appellee.

No. 2–88–153–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 10, 1990.

Rehearing Denied March 6, 1990.

Charles L. Thorn, Fort Worth, for appellant.

Barbara D. Nunneley, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and MEYERS, JJ.

OPINION

JOE SPURLOCK, II, Justice.

Appellant, Dewey Edward Laprade, has appealed from the decree of divorce granted in the divorce suit involving him and his wife, Glenda L. Laprade. In particular, Mr. Laprade is objecting to the property division and the child support award in his four points of error.

We affirm.

In his first point of error, appellant argues that the trial court erred in admitting into evidence a tape summary of accounts receivable which was offered by appellee because such tape summary and the manner in which it was offered does not comply with the requirements of TEX.R.CIV. EVID. 1006.

During the trial of this case, an adding machine tape summary of the accounts receivable of appellant's trucking business was admitted into evidence, over objection by appellant's attorney. Appellee testified that she had added up what was in the accounts receivable on the adding machine tape. Appellee further testified that she worked in that office for about five years; that her duties included doing the accounts receivable; that such invoices were kept in the normal day-to-day business of the trucking company, and that the summary was an accurate compilation of those invoices.

Appellee testified without objection that the receivables for the business were $59,-462 and $47,752, as shown on the adding machine tape. However, appellant did object when appellee offered the tape into evidence, by stating, "We object to that, Your Honor. I don't know where she got that list. I don't know where that adding machine tape—how she got those numbers." The court admitted the tape into evidence.

Appellant argues that there was no evidence to indicate how voluminous the accounts receivable might have been, since the records were neither in the court nor made available to appellant as required, based on rule 1006 of Civil Evidence. He asserts that no proper predicate was laid to establish that the records would have been admissible if they were offered into evidence.

Appellee responds that appellant's objection to the admission of the tape summary was insufficient to preserve error. To preserve error, rule 103(a)(1) requires that an objection be specific. A general objection to the admission of evidence is insufficient to preserve error. *Stedman v. Stedman*, 731 S.W.2d 706, 708 (Tex.App.— Houston [1st Dist.] 1987, no writ). A specific objection is one that enables the trial court to understand the precise question and to make an intelligent ruling, affording the other party an opportunity to remedy the defect if possible. *Angeles Garay v. Texas Employers' Ins.*, 700 S.W.2d 657, 659 (Tex.App.—Corpus Christi 1985, no writ). The reason for requiring the preservation of error "is that one should not be permitted to waive, consent to, or neglect

to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982) (per curiam).

■ Appellant apparently realizes that his objection was not specific enough to give appellee notice of what he was objecting to. In his brief he states:

In essence the objection was to the reliability of the summary and the underlying records and that the underlying records were not available to the Appellant for examination. *Although the objection was not made in the exact words, it is apparent from the context of the objection what the intent was.* [Emphasis added.]

We hold that appellant's objection was not specific enough to preserve his error for appeal. An objection that appellant's counsel did not know where appellee got the list or how the numbers were derived, does not give notice to appellee as to how to correct that error. Since the objection was not specific enough, the error is not preserved for our review.

Appellant's first point of error is overruled.

Appellant's second point of error is that the trial court erred in permitting appellee to give her lay opinion concerning the value of the Laprade Trucking Company, and that any finding by the court concerning the value of the business in reliance upon said lay opinion was contrary to the admissible evidence in trial.

During appellee's direct examination, she was asked her opinion as to the value of the business today. Appellee answered, "I think it's in excess of $200,000." Appellant objected to this testimony because appellee was "not an expert on this subject." The court overruled the objection by saying that since appellee was part owner, she could testify as to what she thinks the company is worth.

■ Rule 701 of the Texas Rules of Civil Evidence states:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

TEX.R.CIV.EVID. 701. Appellant, in his brief, admits that the owner of property can testify as to its value. However, he argues that the determining factor of whether or not a witness is qualified to give testimony concerning the value of property is not if they own the property or not, but whether or not they have any basis of knowledge of the value of the property. *See Hochheim Prairie Farm Mut. Ins. v. Burnett,* 698 S.W.2d 271, 276 (Tex.App.– Fort Worth 1985, no writ); *Burford Oil Co. v. Wadley,* 41 S.W.2d 689, 694 (Tex.Civ. App.—El Paso 1931, writ ref'd). Appellant argues that there is no evidence which would indicate that appellee had any knowledge about the business other than the day-to-day office procedure.

To the contrary, we note that the evidence shows appellee had knowledge of the business accounts receivable; she ran the business for five years; she knew what was paid for each of their trucks; and she knew the value of other smaller, similar businesses for sale. If a witness has personal knowledge of facts from which an opinion is derived, a rational connection exists between the opinion and the facts, and such is helpful, then it is within the court's discretion to allow the lay person to express an opinion on the value. *Soden v. Freightliner Corp.,* 714 F.2d 498, 511 (5th Cir.1983). Furthermore, it is largely discretionary with the judge as to whether a witness is qualified to testify as to market value, and the admission of such testimony should not be disturbed on appeal unless a clear abuse of discretion is shown. *See Hochheim Prairie Farm Mut. Ins. v. Burnett,* 698 S.W.2d at 276.

We hold that the admission of appellee's testimony concerning the market value of the company was not an abuse of discretion by the judge since the evidence shows there was a basis for appellee's knowledge of the value of the property. The trial

court did not err in permitting appellee to give her lay opinion concerning the value of the trucking company and such testimony was not contrary to the admissible evidence at trial.

Appellant's second point of error is overruled.

Appellant's third point of error asserts that the child support payments set by the court are in conflict with the Texas Child Support Guidelines. He argues the support was determined by the court taking into consideration the tax credits allowed by the Internal Revenue Service for appellant's business as a part of the net resources of appellant.

At trial, appellee's attorney offered into evidence the tax returns of the trucking company for the years 1984–1986. These tax return forms contained depreciation amounts allowed by the IRS. Appellant argues that in determining the amount of child support, the court erroneously considered the amount of the depreciation to the business. This is based on the court's Findings of Fact and Conclusions of Law in which the court said in part:

10. The Laprade Trucking Co. took depreciation on income taxes, of $31,564.00 in 1984; $37,400.00 in 1985; $33,496 in 1986.

.     .     .     .     .

12. The depreciation taken and the adjusted gross income reported, added together and averaged for the three years ending 1986, give an annual gross disposable income of $51,608.33; a monthly gross disposable income of $4,300.69; and a monthly net disposable income of $3,000.00.

Appellant asserts that the trial court specifically used the depreciation tax credit in determining the amount of net monthly income for appellant. This is so even though the Texas Child Support Guidelines defines "net resources" as excluding (among other things) amounts allowable by the Internal Revenue Service as depreciation. *See* TEX.FAM.CODE ANN. sec. 14.053(b) (Vernon Supp.1990). Since the court used the depreciation in determining the child support, appellant argues it is in direct conflict with the rules set by the Supreme Court of Texas.

It is well settled that the trial court has broad discretion in determining the amount of child support. *Abrams v. Abrams,* 713 S.W.2d 195, 196 (Tex.App.—Corpus Christi 1986, no writ). The guidelines further specify that the court may consider any additional factors regarding the amount of child support, and the court is allowed to assign a reasonable monetary value of income to assets that do not currently provide income. TEX.FAM.CODE ANN. sec. 14.053(e) (Vernon Supp.1990). Additionally, section 14.054 expressly authorizes the trial court to consider all relevant factors, including the following: (1) the amount of the obligee's net resources; (2) the age and needs of the child; (3) child care expenses incurred by either party in order to maintain gainful employment; and (4) whether either party has the managing conservatorship or actual physical custody of another child; among many others. TEX.FAM. CODE ANN. sec. 14.054 (Vernon Supp. 1990).

In the present case, in its Findings In Child Support Order, the court notes that the amount of support varies from the guidelines because:

the Managing Conservator is unemployed and virtually unemployable, and because the Possessory Conservator's business, being cyclical, is on the upswing (given the increase in the company net profits, 1986 over 1985), and because he has accounts receivable available in an amount of up to $107,214, which there is no evidence to show he is pursuing.

■ We hold that it was not an error for the court to award child support payments relying on other factors besides those listed in the Texas Child Support Guidelines. Specifically, it was not error for the court to take the tax credits into consideration. The trial court has broad discretion to determine child support in a divorce and the court of appeals cannot substitute its judgment for that of the trial court even though it may have done otherwise. *Labowitz v. Labowitz,* 542 S.W.2d 922, 924 (Tex.Civ.

App.—Dallas 1976, no writ). We note that the Child Support Guidelines are only intended to serve as guidance for the trial court and should be considered along with the other factors of consideration in determining child support. *Anderson v. Anderson,* 767 S.W.2d 163, 166 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Appellant's third point of error is overruled.

Appellant's fourth point of error asserts that the division of the community estate was not just and fair and was a gross abuse of discretion by the court because there was no reasonable basis for an unequal division of the estate, and the division of the estate by the court gives a disproportionately large amount of the community estate to appellee.

Appellant contends that the trial court's recitations of value make it appear appellee received a net value of $183,200 from the divorce decree while appellant received a greater net value of $208,800. However, appellant argues that calculations using the value for the business testified to by him at trial, reveal an award to him of the net value of only $23,830. Appellant concludes that as there was no finding by the court of any reason for an inequitable division of the property, the division, when calculated using his testimonial value, was a gross abuse of discretion by the court. Appellee, disagreeing with appellant's mathematics, asserts that appellee received a net value of $174,300, and appellant received a net value of $173,930.

It is presumed that the trial court acted properly in dividing the property, and the division will not be disturbed on appeal except for a clear abuse of discretion, shown by manifest injustice, unfairness or inequity. *See Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981); *Grost v. Grost,* 561 S.W.2d 223, 231 (Tex.Civ.App.—Tyler 1977, writ dism'd). We hold that appellant has not made a showing of an abuse of discretion by the trial court in the division of property. The trial court was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. We find no abuse of discretion in the court's deciding between the conflicting values given.

Appellant's fourth point of error is overruled.

The judgment is affirmed.