892 S.W.2d 87 (1995)
In the Matter of J.C., a Juvenile, Appellant,
v.
The STATE of Texas, Appellee.
No. 08-93-00442-CV.
Court of Appeals of Texas, El Paso.
January 12, 1995.
Jack Chappell, Midland, for appellant.
Mark H. Dettman, County Atty., Midland, for appellee.
Before BARAJAS, C.J., and LARSEN, J.

*88 OPINION

LARSEN, Justice.
J.C., a juvenile, appeals from a judgment entered in the Midland County Court at Law on October 29, 1993 adjudging him delinquent and committing him to the Texas Youth Commission.[1] A jury found appellant violated Texas Penal Code § 22.021 (Vernon 1994) by intentionally and knowingly sexually assaulting the victim by causing the sexual organ of appellant to penetrate the mouth of the victim and by causing the sexual organ of appellant to contact the anus of the victim. Appellant alleges three points of error claiming that the trial court erred in admitting certain evidence including: (1) lay witness testimony as to the age of the victim's bruises; (2) the victim's testimony as to what he wanted to happen to appellant; and (3) repetitious and prejudicial photographs. We affirm.

FACTS
The victim testified that in June of 1993, he and appellant were playing pool in a building behind appellant's house. While they were playing pool, the victim stated that appellant and appellant's brother walked by the victim and grabbed his "bottom." The victim then testified that appellant got the victim up against a wall, pulled his underwear down, and started putting his penis in the victim's anus. The victim further testified that appellant put his penis in the victim's mouth. Shortly after this incident, the victim stated that appellant beat him with his hands and fists, bruising him.

STANDARD OF REVIEW
In all three points of error, appellant argues the trial court erred in admitting certain evidence. As appellate judges, we recognize it is the trial court that decides whether evidence is admissible. Coker v. Burghardt, 833 S.W.2d 306, 309 (Tex.App. Dallas 1992, writ denied). Questions about the admission of evidence lie within the trial court's discretion. Syndex Corp. v. Dean, 820 S.W.2d 869, 873 (Tex.App.Austin 1991, writ denied). The admission of testimony should not be disturbed on appeal unless a clear abuse of discretion is shown. See Laprade v. Laprade, 784 S.W.2d 490, 492 (Tex. App.Fort Worth 1990, writ denied); Hochheim Prairie Farm Mut. Ins. Assoc. v. Burnett, 698 S.W.2d 271, 276 (Tex.App.Fort Worth 1985, no writ). Stated another way, to convince an appellate court to reverse a judgment based on error in the admission of evidence, an appellant must show that the trial court's ruling was error and the error was calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 81(b); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.1989); Hutchings v. Chevron U.S.A., Inc., 862 S.W.2d 752, 761 (Tex.App.El Paso 1993, writ denied); Castro v. Sebesta, 808 S.W.2d 189, 192 (Tex.App.Houston [1st Dist.] 1991, no writ). This Court generally will not find reversible error for erroneous rulings on admissibility of evidence where the evidence in question is cumulative and not controlling on a material issue dispositive of the case. See Whitener v. Traders and General Ins. Co., 155 Tex. 461, 289 S.W.2d 233, 236 (1956).

LAY OPINION TESTIMONY
In his First Point of Error, appellant claims the trial court erred in allowing Darrel Savage, the victim's stepfather, to testify to the age of the bruises he saw on the victim. Savage testified that he gave the victim five "licks" and that the victim took the punishment unusually poorly so he knew something was wrong. Savage asked the victim to pull down his shorts and he noticed the victim had bruises on the back of his legs and on his "rump." He further testified that *89 the licks did not cause the bruises. Savage stated the bruises were light blue in color. When the State asked Savage approximately how long he thought it had been since the bruises were inflicted, appellant's counsel objected on the basis that Savage was not an expert physiologist. Counsel for the State then stated, "I think I can qualify him about bruises," and counsel proceeded to question Savage about bruises he himself had suffered. Counsel for appellant renewed his objection. The court overruled his objection and allowed Savage to testify that he thought the bruises were a day old.
Texas Rule of Civil Evidence 701 governs opinion testimony by a lay witness. Rule 701 states:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue. Tex.R.Civ.Evid. 701.
Additionally, Rule 702 provides for testimony by an expert. Rule 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. Tex.R.Civ.Evid. 702.
Appellant claims counsel for the State unsuccessfully attempted to qualify Savage as an expert in the stages of bruises.
Counsel's questioning of Savage is as follows:
Q: Have you had bruises on your body?
A: Yes, ma'am.
Q: That turn colors?
A: Yes, ma'am.
Q: And do you know the stages that a bruise will go through normally?
A: As a matter of fact, it just happened recently. I fell on some keys. The first day it was hardly there. Then three days later it was dark and blue. I would say it was a day or soa day.
Q: You are speaking of the key incident, or this with (the victim)?
A: No, I'm speaking of (the victim).
Q: Okay. So you feel familiar with the stages that bruising goes through before it clears up?
A: Pretty much, yes, ma'am.
We agree that the State did not qualify Savage as an expert witness. Accordingly, we must follow Rule 701 to determine if his testimony was properly admitted.
Appellant urges that Savage's testimony does not meet the requirements for lay witness opinion testimony under Rule 701. Specifically, appellant states that Savage's testimony that the bruises were light blue provided the jurors with enough information to make them as capable as Savage in determining the age of the bruises, and therefore the testimony was neither helpful to a clear understanding of his testimony nor helpful to the determination of a fact in issue. We do not agree.
Applying the standard outlined in Tex. R.Civ.Evid. 701, we find there was no abuse of discretion. Savage's opinion provided testimony as to the visual appearance of the bruises at the time they were discovered. His opinion was rationally based on his perception of the bruises. While insufficient to qualify him as an expert witness, Savage's exchange with State's counsel regarding his own bruises further established his opinion was rationally based on his perception of his own personal experience. Because the trial court could have found Savage's testimony helpful to the determination of the fact in issue, that is, the age of the victim's bruises and therefore when and whether an attack occurred, we find that the opinion evidence was properly admitted. Point of Error One is overruled.

VICTIM'S TESTIMONY
In his second point of error, appellant asserts the trial court erred in allowing the State to ask the victim what he wanted to happen to appellant. Counsel for appellant timely objected to the question on relevance grounds. The State's counsel said the basis for the question was to see how the incident *90 in issue effected the victim emotionally. The court overruled the objection.
Texas Rule of Civil Evidence 401 defines "relevant evidence" as:
[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R.CIV. EVID. 401.
Rule 402 addresses the admissibility of evidence based on whether it is relevant or irrelevant, stating in pertinent part, "[e]vidence which is not relevant is inadmissible." TEX.R.CIV.EVID. 402.
On appeal, appellant contends that the basic controversy at the adjudication hearing was whether appellant actually participated in a sexual assault of the victim. We agree that the question at issue did not effect the probability of any fact of consequence to the determination of the action, appellant claims the question was irrelevant and, therefore, its admission was error.[2]
Nevertheless, we find the error was harmless because it was cumulative. Appellant admits as much in his brief by stating, "[t]hat the alleged victim did not have kind feelings toward Appellant was obvious when he, in his testimony, accused Appellant of actions which would constitute a sexual assault." Appellant failed in his burden to demonstrate the trial court's error was calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 81; See New Braunfels Factory Outlet Center, Inc. v. IHOP Realty Corp., 872 S.W.2d 303, 310 (Tex.App.Austin 1994, no writ). Point of Error Two is overruled.

PHOTOGRAPHS
In his third point of error, appellant argues that the trial court erred in admitting repetitious and prejudicial photographs depicting bruises on the victim's body. Appellant claims State's Exhibits 10 through 21 are repetitious of State's Exhibits 5 through 9. Counsel for appellant objected to the admission of the photographs on two grounds: (1) the photographs were repetitious of photographs already offered into evidence; and (2) the probative value of the photographs was outweighed by the danger of unfair prejudice.
Photographs 5 through 9 were taken by Savage two days following the assault. Photographs 10 through 21 were taken by a police officer five days after the assault. The State claims the photographs depict the bruises on two different occasions, immediately following the assault and a few days after the assault. The State also claims the photographs demonstrate the severity of the injuries since the photos show the development of the bruises through a period of several days, as well as the extent of the bruising on different areas of the victim's body.
We find the photographs were not cumulative, as they depict the severity and extent of the victim's bruises. Recognizing the trial court has wide discretion in ruling on the admissibility of photographic evidence, Lilley v. Southern Pac. Transp. Co., 584 S.W.2d 720, 723 (Tex.Civ.App.Tyler 1979, no writ), we find appellant again failed to meet his burden to demonstrate both that the admission of the photographs was error and that such error was calculated to cause and probably did cause the rendition of an improper judgment. Gee, 765 S.W.2d at 396. Point of Error Three is overruled.

CONCLUSION
We affirm the trial court's judgment.
McCOLLUM, J., not participating.
NOTES
[1] On November 5, 1993, appellant filed a notice of appeal and motion for a new trial. Additionally, appellant filed an "Application and Oath for Court-Appointed Attorney on Appeal" and "Request for Transcript and Statement of Facts at State Expense," both of which included sworn statements by the appellant's father to the effect he was without funds to pay for the expenses incurred pursuant to an appeal. In our Opinion on Motion for Rehearing, we determined that although appellant failed to specifically file a cost bond, cash deposit, or affidavit of inability to pay costs on appeal, appellant did file affidavits indicating his inability to pay for the cost of an appeal, and therefore, properly invoked the jurisdiction of this Court. In the Matter of J.C., 892 S.W.2d 85 (Tex.App.El Paso, 1994).
[2] Appellant also urges that Rule 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Even had the evidence been relevant, appellant claims, it should have been excluded under Rule 403. Appellant did not raise a Rule 403 objection at trial, however, and thus waived our consideration of this argument. Tex.R.App.P. 52(a); see also LaCoure v. LaCoure, 820 S.W.2d 228, 237 (Tex. App.El Paso 1991, writ denied).