**SYNDEX CORPORATION, Appellant,**

v.

**Mary C. DEAN, Appellee.**

**No. 3–88–090–CV.**

Court of Appeals of Texas,
Austin.

Nov. 6, 1991.

Rehearing Overruled Jan. 8, 1992.

Bill Malone, Jr., Austin, Tim G. Sralla, Fielding, Barrett & Taylor, Ft. Worth, for appellant.

Malcolm Greenstein, Greenstein & Kolker, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

Mary Dean sued Bill Bushell and Syndex Corporation for damages for assault and intentional infliction of emotional distress, and sued Syndex for sexual harassment under the Texas Commission on Human Rights Act. *See* Tex.Rev.Civ.Stat.Ann. art. 5221k (1987 & Supp.1991) ("the Human Rights Act"). Judgment was rendered in favor of Dean. This Court held that the trial court had admitted improper character and profile evidence, and reversed that part of the judgment awarding damages and attorney's fees for sexual harassment. The supreme court reversed our judgment and remanded the cause to us for consideration of Syndex's remaining points of error. *See Bushell v. Dean*, 781 S.W.2d 652 (Tex. App.1989), *rev'd*, 803 S.W.2d 711 (Tex. 1991). We will affirm the judgment of the trial court.

*Background*[1]

Smith Produce, which Syndex Corporation owns, hired Dean as an order clerk in 1978. Syndex maintains its corporate and principal place of business in Houston; Smith Produce is a branch of Syndex located in Travis County. Over the years, Dean received raises and was promoted to office manager. Bill Bushell is the branch manager of Smith Produce and was Dean's immediate supervisor when she became office manager. As such, Bushell could fire Dean and completely controlled her workload.

Although they initially had a good workplace relationship, by December 1983 the relationship between Bushell and Dean began to change. Dean testified that Bushell suddenly altered his conduct toward her. His conduct toward her ranged from flirtatious to sexually aggressive: he bought her meals and soft drinks, did her favors, and discussed with her his fantasies and dissatisfaction with his wife's sexual performance. He grabbed her in front of other employees, tried to kiss her, and once sneaked up behind her, putting his hands under her armpits, and exclaimed "Gotcha." One day while she was seated at her desk, he approached her from behind, began rubbing her shoulders and then moved his hands down toward her breasts. She became angry and insisted that he stop.

One Saturday in February 1984, Bushell ordered Dean into his office where he had closed the blinds and cleared his desk. He insisted that she lock the door, whereupon he sat next to her and proposed that they have an affair, to begin that very moment in his office. She told him that she was flattered but repeatedly told him that she was not interested. On the following Monday Bushell admitted that he had upset her, but insisted that he was glad that he had said what he did, and continued to pursue her. Finally, in front of other employees, Bushell looked at her and commented that everything has a price and can be bought. Dean responded in anger that she was not for sale.

Thereafter, Bushell again changed his behavior toward Dean, becoming cold and formal, calling her "Mrs. Dean," and increasing her workload. When she tried to inform Bushell that the company's truck drivers were planning to strike in protest over a wage freeze, he became angry and shouted at her. She responded that he was not going to shout at her, and quit her job. She then collected her personal things, left, and never returned.

*The Controversy*

The Texas Human Rights Act makes it unlawful for an employer "to discriminate

---

1. For a more complete background statement, see our earlier opinion, *Bushell,* 781 S.W.2d 652.

against an individual with respect to compensation or the terms, conditions, or privileges of employment because of ... sex...." Tex.Rev.Civ.Stat.Ann. art. 5221k, § 5.01(1) (Supp.1991). Sexual harassment, like racial harassment, is universally recognized as employment discrimination. *Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 2403, 91 L.Ed.2d 49 (1986). *See also Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1413 (10th Cir.1987). Courts have recognized two distinct categories of claims: *quid pro quo* sexual harassment and hostile work environment sexual harassment. *Katz v. Dole,* 709 F.2d 251, 254–55 (4th Cir.1983).

This case involves hostile work environment harassment, which "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Vinson,* 477 U.S. at 65–66, 106 S.Ct. at 2404–05 (quoting the EEOC Guidelines. *See* 29 C.F.R. § 1604.-11(a)(3) (1986)). The jury found that Dean was subjected to unlawful sexual harassment by Bushell, and made other findings in favor of Dean. Based upon the jury's verdict, the trial court rendered judgment in favor of Dean and against Bushell and Syndex.

The primary issue on remand is embodied in Syndex's first three points of error which complain generally that the trial court erred by submitting to the jury an inaccurate test of employer liability under the Human Rights Act. Also undecided are Syndex's points of error ten and eleven complaining that the trial court erred in admitting certain testimony of witnesses Gilbert, Klein, and Mersky.

*Employer Liability*

■ There are no Texas cases establishing a test for employer liability under the Human Rights Act. However, this Act is modeled on federal law and its purpose is to provide for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964 in 42 U.S.C. § 2000e, *et seq. See* Tex.Rev.Civ.Stat.Ann. art. 5221k,

§ 1.02(1) (Supp.1991). Accordingly, Syndex relies on federal case law.

Syndex originally argued that any corporate liability must be based on the general principles of agency law set forth in sections 219–237 of the Restatement 2nd of Agency as required by the Supreme Court in *Vinson,* 477 U.S. at 72, 106 S.Ct. at 2408 (1986). Specifically, Syndex urged at trial and on appeal that the test for employer liability is "course and scope." Syndex complains of an erroneous jury charge on the basis that "[t]he proper inquiry would have been whether Bushell was acting in the course and scope of his employment when he allegedly committed the sexual harassment."

Syndex complains in points of error one and two that the trial court erred in granting judgment against Syndex because the trial court failed to submit to the jury the correct test for employer liability and as a result there was no jury finding that Bushell was acting in the course and scope of his employment when he sexually harassed Dean.

The trial court submitted the following questions on employer liability to the jury:

QUESTION 10: Do you find that prior to the date Ms. Dean resigned, that Syndex Corporation failed to take those actions which a reasonable employer would have taken under the same or similar circumstances to make its workplace reasonably safe from unlawful sexual harassment?

ANSWER: Yes.

QUESTION 11: Do you find that Syndex Corporation failed to take immediate appropriate corrective action upon learning that an allegation of unlawful sexual harassment had been made?

ANSWER: Yes.

Syndex's original argument on appeal is consistent with its objections at trial. Syndex objected to question 10 "because that special issue would place a duty upon [Syndex] that does not exist" and requested the court substitute a question on course and scope.[2] Syndex objected to question 11

---

**2.** Syndex requested three alternative substitutes, all essentially course-and-scope inquiries. The

"because it places the burden of proof inappropriately," and requested in its place a special issue inquiring, "Do you find ... that Syndex Corporation took appropriate corrective action as it learned the full extent of Plaintiff's claims and the evidence supporting it?" The trial court overruled these objections and denied the requests.

Proof of Bushell's actions and course of conduct toward Dean over a lengthy period was introduced as evidence that he assaulted her, that he sexually harassed her, and that he intentionally inflicted emotional distress upon her. Upon this evidence, the jury found that Bushell was acting within the course and scope of his employment when he committed the assault (question 3) and when he intentionally inflicted emotional distress upon Dean (question 8). On these questions, the court instructed the jury:

> [A] person acts within the course and scope of his employment if the acts ... were done within the scope of the general authority given to Mr. Bushell by Syndex Corporation. Furthermore, the acts ... must have been done in furtherance of Syndex Corporation's business, and the acts must have been done to accomplish the job for which Mr. Bushell was employed.

This Court has already overruled Syndex's challenges to the legal and factual sufficiency of the evidence proving that Bushell's actions were within the course and scope of his employment. *See Bushell,* 781 S.W.2d at 658–59. The jury further found that by his action Bushell, who was Dean's supervisor and the head of Smith Produce in Austin, had subjected Dean to unlawful sexual harassment (question 9). Syndex does not cite us to any authority holding that an employer cannot be held liable for its branch manager's sexual harassment of a subordinate employee in the absence of an express finding that the branch manager acted in the course and scope of his employment. Indeed, under the circumstances of this case Bushell is deemed to act as the employer. *See Hugo, Schmeltzer & Co. v. Paiz,* 104 Tex. 563, 141 S.W. 518 (1911); *Ramsey v. Coldwater Cattle Co.,* 403 S.W.2d 196 (Tex.Civ.App. 1966, writ dism'd); *Phillips Oil Co. v. Linn,* 194 F.2d 903 (5th Cir.1952). Thus, under agency principles, even if Syndex did not authorize Bushell's specific conduct, Syndex is directly liable to Dean for Bushell's conduct because Bushell acted under his delegation of authority as branch manager of Smith Produce. *See Sparks v. Pilot Freight Carriers, Inc.,* 830 F.2d 1554, 1558–59 (11th Cir.1987).

■ Furthermore, on remand Syndex concedes that course and scope is not the appropriate jury inquiry. Syndex now relies on cases decided since this case was tried and urges that in applying general agency principles the court should inquire by a two-part test: "(1) whether the employer knew or should have known of the harassment; and (2) assuming the existence of such notice, whether the employer then failed to take appropriate corrective action."

We do not decide the accuracy of Syndex's argument on remand. Syndex did not object to Dean's failure to submit a question on employer liability applying this two-part test. "Objections to the charge cannot be raised for the first time on appeal." *Wilson v. King,* 311 S.W.2d 957, 959 (Tex.Civ.App.1958, writ ref'd).

■ The party who does not have the burden of proof on an issue is required to object at trial to the failure to submit a question. Tex.R.Civ.P.Ann. 278 (Supp. 1991). The objection must be in writing or read into the record or it is waived. Tex. R.Civ.P.Ann. 272 (Supp.1991). The party objecting to the charge must point out distinctly the objectionable matter and the grounds of the objection. Tex.R.Civ. P.Ann. 274 (Supp.1991). *See also Castleberry v. Branscum,* 721 S.W.2d 270, 276–

first asked whether Bushell was acting within the course and scope of his employment when he sexually harassed Dean and was accompanied by an instruction defining course and scope. The second alternative asked whether Bushell's actions were "referable to or in the discharge of any duty owed Syndex Corporation." The third alternative asked whether Bushell's actions "related to Syndex Corporation's fruit and vegetable business."

77 (Tex.1986). If the objection is that the trial court failed to submit a definition or instruction, the party is required to tender a substantially correct definition or instruction in writing. Tex.R.Civ.P.Ann. 278 (Supp.1991). In either situation, a party must state "the specific grounds for the ruling he desires the court to make" in order to preserve a complaint for appellate review. Tex.R.App.P.Ann. 52 (Pamph. 1991).

We cannot now consider on remand whether the court erred for failure to submit an issue inquiring whether Syndex "knew or should have known" about the sexual harassment. This theory was not tried, requested, or made the basis of any of Syndex's objections to the charge. "Parties are restricted on appeal to the theory on which the case was tried." *Davis v. Campbell*, 572 S.W.2d 660, 662 (Tex.1978).

■ Syndex complains in its third point of error that the trial court erred in granting judgment against it because a partial summary judgment prior to trial established as a matter of law that Syndex did not ratify or authorize Bushell's unlawful acts. We reject Syndex's argument. Whether Syndex ratified or authorized Bushell's acts is not determinative of its liability. "The Restatement specifically provides that even though an act is forbidden it may still be within the scope of employment." *Yates v. Avco Corp.*, 819 F.2d 630, 636 (6th Cir.1987); Restatement (Second) of Agency § 230 (1958). *See also Texam Oil Corp. v. Poynor*, 436 S.W.2d 129 (Tex. 1968).

Syndex's first three points of error are overruled.

### Syndex's Remaining Points of Error

Syndex's tenth point of error complains that the testimony of witnesses Gilbert and Klein regarding the effect of the non-existence of written policies prohibiting sexual harassment and the non-existence of a grievance procedure was unduly prejudicial because it erroneously implied to the jury that there is an affirmative duty on the employer to provide such written policies. As with points of error seven, eight and

nine, Syndex failed to preserve error on this point. Point of error ten is therefore overruled.

■ In its eleventh point of error, Syndex argues that the trial court erred in admitting the testimony of Deena Mersky about a number of acts by Bushell against Dean because the testimony constituted inadmissable hearsay and was offered for the sole purpose of bolstering Dean's credibility. *See* Tex.R.Civil Evid.Ann. 801 (Pamph.1991). We disagree.

Mersky is a certified social worker and psychotherapist. Dean's family doctor originally referred her to Mersky for treatment for depression. Mersky counselled Dean about thirty times. In preparation for her treatment, Mersky obtained a history of the incidents involving Bushell, about which Mersky testified at trial. Mersky also testified that obtaining this history was an important part of the diagnosis and treatment of Dean's depression.

Mersky's testimony is within the medical-treatment exception to the general rule prohibiting the introduction of hearsay statements. Under this exception, the following statements are admissible:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Tex.R.Civ.Evid.Ann. 803(4) (Pamph.1991). Under this exception the statement need not have been made to a physician, so long as it is made for the purpose of medical treatment. *See* Advisory Committee's Note to Federal Evid. Rule 803(4).

■ The admission of evidence is a matter within the discretion of the trial court. Review of a trial court's action under the abuse of discretion standard is a question of law. *Jackson v. Van Winkle*, 660 S.W.2d 807, 810 (Tex.1983). The test is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701

S.W.2d 238, 241–42 (Tex.1985); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer*, 701 S.W.2d at 242.

Applying the medical-treatment exception to the hearsay rule, the statements of child abuse victims as to the identity of their abuser were held admissible where the cause of the injury was pertinent to physical and psychological treatment and diagnosis. *See Interest of L.S.*, 748 S.W.2d 571, 577 (Tex.App.1988, no writ). Since the trial judge acted in accordance with this existing precedent of *Interest of L.S.*, we cannot say that he abused his discretion in allowing Mersky's testimony.

■ Further, even if the testimony was inadmissible, it was harmless error. Most of the incidents Mersky described were also testified to by at least one other witness besides Dean. The only event that was not confirmed by other testimony was that Bushell approached Dean with his pants down in an attempt to have sexual intercourse with her. Dean testified that the incident did not occur the way Mersky described, but that Mersky may have confused two other incidents. Mersky admitted that she may have confused two separate events. Thus, the jury was not misled and Syndex was not prejudiced, even if Mersky's testimony was improperly admitted. Syndex's eleventh point of error is overruled.

The judgment of the trial court is affirmed.