TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00292-CV






Jeffrey Sharp, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 94-143, HONORABLE D. V. HAMMOND, JUDGE PRESIDING






 Jeffrey Sharp is the father of three children, two of whom are involved in this appeal. After
a four-day jury trial, the trial court ordered the termination of Mr. Sharp's parental rights and appointed
the Texas Department of Protective and Regulatory Services as temporary managing conservator of the
two children. By two points of error, Mr. Sharp contends that the trial court erred by (1) admitting a report
containing hearsay testimony and a summary containing a time-line and (2) preventing Mr. Sharp from
introducing evidence concerning the suitability of the current foster home and proposed adoptive
placements. We will affirm the trial court's judgment.


BACKGROUND

 All three of Mr. Sharp's children were under the age of five during the time of the events
made the basis of the termination. After receiving reports of physical neglect and lack of supervision, the
Department of Protective and Regulatory Services began investigating the adequacy of care of the children. 
Shortly thereafter, the oldest child was killed while in the care of Mr. Sharp. As a result of this incident,
Mr. Sharp was indicted and convicted of injury to a child and sentenced to twenty years in prison, which
was added to a thirty-five-year sentence he had received for a burglary conviction. Mr. Sharp visited the
two remaining children one time under the supervision of a Department caseworker; however, he missed
two subsequent scheduled visits. Based on a history of neglect, including several incidents in which one
of the children was found unsupervised on a busy highway, the Department removed both children from
the Sharp home in November of 1991. Because Mr. Sharp was incarcerated most of the time after the
children were removed, he was not able to participate in court-ordered parenting classes and counseling
offered by the Department. After LaFawn Sharp, the mother of the children, voluntarily relinquished her
parental rights, the Department sued to terminate Mr. Sharp's parental rights. The jury found that it would
be in the best interest of the children to terminate the parental rights of Mr. Sharp. Accordingly, the trial
court rendered judgment terminating Mr. Sharp's parental rights and appointing the Department temporary
managing conservator of the two children.


DISCUSSION

 The jury found by clear and convincing evidence that the termination of Mr. Sharp's
parental rights was in the best interest of the children. He raises two points of error regarding the
admissibility of evidence.


Investigative Report and Time-line

 In point of error one, Mr. Sharp complains that the trial court erred by admitting in evidence
the Department's investigative report and a time-line designed to summarize that report because they did
not meet the requirements of Texas Rules of Civil Evidence 803(8) and 1006, respectively.

 Mr. Sharp contends that even if the Department's report was admissible under the public
records exception to the hearsay rule, the presence of numerous hearsay statements within the report
rendered the report inadmissible. See Tex. R. Civ. Evid. 803(8). To preserve error, a party opposing the
admission of evidence must voice a specific objection to the evidence at trial. In re Bates, 555 S.W.2d
420, 432 (Tex. 1977). A general objection to evidence as a whole, which does not specifically point out
the portion objected to, is properly overruled if any part is admissible. Texas Munic. Power Agency v.
Berger, 600 S.W.2d 850, 854 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ).

 The trial court admitted the report over an objection that the documents were "full of
hearsay testimony." Appellant's hearsay objections referred to the report as a whole; they did not
designate the particular statements contained in the report that were alleged to be hearsay. Consequently,
Mr. Sharp failed to preserve error for appellate review. See Tex. R. App. P. 52(a); Berger, 600 S.W.2d
at 854.

 The Department also introduced a summary that listed dates and events that were
documented in the lengthy report. A summary of voluminous records may, in the discretion of the trial
court, be admitted to expedite the trial and to aid the trier of fact. Tex. R. Civ. Evid. 1006; Speier v.
Webster College, 616 S.W.2d 617, 618 (Tex. 1981). Rule 1006 assumes that the underlying records are
admissible. Id. The decision to admit or exclude evidence is a matter within the sound discretion of the
trial court and will be reversed only for an abuse of that discretion. Syndex Corp. v. Dean, 820 S.W.2d
869, 873 (Tex. App.--Austin 1991, writ denied).

 Mr. Sharp contends on appeal that the underlying record was not voluminous enough to
meet the requirements of Rule 1006 and that the time-line was not a true summary since it emphasized
information supporting the Department's position. Since these specific objections were not raised during
trial, they were not preserved for appellate review. See Tex. R. App. P. 52(a). At trial, appellant's only
objection was that the summary contained "inaccuracies." Mr. Sharp attempted to point out an error in
a burglary date; however, he based his objection upon a mistake in the youngest child's birth date. The
Department acknowledged the error and corrected it before the trial court admitted the summary into
evidence.

 We find the trial court did not abuse its discretion in admitting the summary. The mistake
complained of was immaterial and, in any event, was corrected. The purpose of the summary was to assist
the jury in reviewing the lengthy chronology of events described in the report. Since the time-line contained
only dates and events and the underlying report was available for review, an incorrect date did not impact
the determination of whether Mr. Sharp's parental rights should be terminated. We overrule the first point
of error.



Suitability of the Foster Home and Adoptive Placement

 In point of error two, Mr. Sharp complains that the trial court erroneously excluded
evidence concerning the suitability of the current foster home as a possible adoptive placement. Before
evidence is admissible, it must be relevant. Tex. R. Civ. Evid. 401; Service Lloyds Ins. Co. v. Martin,
855 S.W.2d 816, 822 (Tex. App.--Dallas 1993, no writ). To meet the relevancy test of Rule 401, the
offered evidence must have probative value; it must logically tend to make more or less likely a particular
proposition that is of some consequence to some issue in the trial. Id.

 The issue at trial was whether the termination of Mr. Sharp's parental rights was in the best
interest of his children. Mr. Sharp tried to introduce evidence regarding the economic status and personal
relationship of the children's current foster parents, and regarding the medical condition of the foster
parents' other children. It is not clear from the record that the children will be adopted by their current
foster parents. The termination of Mr. Sharp's parental rights merely clears the way for adoption, which,
if it occurs at all, will be decided in a separate proceeding. Therefore, the evidence concerning the foster
parents was irrelevant to the determination of whether Mr. Sharp's parental rights should be terminated. 
Other evidence clearly indicates that Mr. Sharp, who was incarcerated, was an unsuitable parent. Under
these circumstances, the trial court did not abuse its discretion in excluding evidence regarding the suitability
of the current foster home and possible adoptive placement. Accordingly, we overrule point of error two.




CONCLUSION

 Finding no error, we affirm the trial court's judgment terminating Mr. Sharp's parental rights
and appointing the Department temporary managing conservator.




 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: June 19, 1997

Do Not Publish



ed to the report as a whole; they did not
designate the particular statements contained in the report that were alleged to be hearsay. Consequently,
Mr. Sharp failed to preserve error for appellate review. See Tex. R. App. P. 52(a); Berger, 600 S.W.2d
at 854.

 The Department also introduced a summary that listed dates and events that were
documented in the lengthy report. A summary of voluminous records may, in the discretion of the trial
court, be admitted to expedite the trial and to aid the trier of fact. Tex. R. Civ. Evid. 1006; Speier v.
Webster College, 616 S.W.2d 617, 618 (Tex. 1981). Rule 1006 assumes that the underlying records are
admissible. Id. The decision to admit or exclude evidence is a matter within the sound discretion of the
trial court and will be reversed only for an abuse of that discretion. Syndex Corp. v. Dean, 820 S.W.2d
869, 873 (Tex. App.--Austin 1991, writ denied).

 Mr. Sharp contends on appeal that the underlying record was not voluminous enough to
meet the requirements of Rule 1006 and that the time-line was not a true summary since it emphasized
information supporting the Department's position. Since these specific objections were not raised during
trial, they were not preserved for appellate review. See Tex. R. App. P. 52(a). At trial, appellant's only
objection was that the summary contained "inaccuracies." Mr. Sharp attempted to point out an error in
a burglary date; however, he based his objection upon a mistake in the youngest child's birth date. The
Department acknowledged the error and corrected it before the trial court admitted the summary into
evidence.

 We find the trial court did not abuse its discretion in admitting the summary. The mistake
complained of was immaterial and, in any event, was corrected. The purpose of the summary was to assist
the jury in reviewing the lengthy chronology of events described in the report. Since the time-line contained
only dates and events and the underlying report was available for review, an incorrect date did not impact
the determination of whether Mr. Sharp's parental rights should be terminated. We overrule the first point
of error.



Suitability of the Foster Home and Adoptive Placement

 In point of error two, Mr. Sharp complains that the trial court erroneously excluded
evidence concerning the suitability of the current foster home as a possible adoptive placement. Before
evidence is admissible, it must be relevant. Tex. R. Civ. Evid. 401; Service Lloyds Ins. Co. v. Martin,
855 S.W.2d 816, 822 (Tex. App.--Dallas 1993, no writ). To meet the relevancy test of Rule 401, the
offered evidence must have probative value; it must logically tend to make more or less likely a particular
proposition that is of some consequence to some issue in the trial. Id.

 The issue at trial was whether the termination of Mr. Sharp's parental rights was in the best
interest of his children. Mr. Sharp tried to introduce evidence regarding the economic status and personal
relationship of the children's current foster parents, and regarding the medical condition of the foster
parents' other children. It is not clear from the record that the children will be adopted by their current
foster parents. The termination of Mr. Sharp's parental rights merely clears the way for adoption, which,
if it occurs at all, will be decided in a separate proceeding. Therefore, the evidence concerning the foster
parents was irrelevant to the determination of whether Mr. Sharp's parental rights should be terminated. 
Other evidence clearly indicates that Mr. Sharp, who was incarcerated, was an unsuitable parent. Under
these circumstances, the trial court did not abuse its discretion in excluding evidence regarding the suitability
of the current foster home and possible adoptive placement. Accordingly, we overrule point of error two.




CONCLUSION

 Finding no error, we affirm the trial court's judgment terminating Mr. Sharp's parental rights
and appointing the Department temporary managing conservator.