Affirmed and Opinion filed August 22, 2002














Affirmed and Opinion filed August 22, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00759-CV

____________

 

DIONNE LEE, Appellant

 

V.

 

ROSEN, NEWEY & VON BLON, P.C., ROSEN & NEWEY, P.C., 

AND MARIAN S.
ROSEN, Appellees

 

 

 

On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 99-58095

 

 

 

O P I N I O
N

            Dionne Lee appeals a summary
judgment enforcing a settlement agreement and an order confirming an
arbitration award.  This case involves a
dispute about an agreement reached at an appellate mediation of Lee’s legal
malpractice suit against Rosen, Newey & Von Blon, P.C., Rosen & Newey,
P.C., and Marion S. Rosen (“Rosen”).  We
affirm.




 








PROCEDURAL
BACKGROUND

            This case has a tortured procedural
history.  In 1992, Lee retained Rosen to
represent her in several lawsuits.  Rosen
withdrew from the cases in 1995.  In 1997
Lee sued for malpractice, and the district court granted summary judgment in
favor of Rosen in 1998.  Lee appealed
(the first appeal bears this court’s docket No. 14-99-0120-CV).  This Court abated that appeal and ordered the
parties to appellate mediation.

            A mediation was held on June 1, 1999, before Alvin Zimmerman as
mediator with all parties present.  Lee
appeared pro se, as she has
throughout the prior legal malpractice claim and in this case.  The appellate mediation was successful and
all parties voluntarily signed a Binding Settlement Agreement (“BSA”).  The BSA contemplated that a more detailed set
of documents was needed to effectuate the settlement.  Rosen agreed to deliver drafts of the
additional settlement documents to Lee by June 8, 1999.  However, no
settlement documents were delivered to Lee until June 11, 1999, three days later.  Apparently regretting the fact she had
settled, Lee refused to execute and return the documents at that time.  She argues that the late delivery of the
further settlement documents rendered the BSA “null and void” or voidable.  

            Pursuant to the arbitration clause
in the BSA, Rosen asked the arbitrator, who was again Alvin Zimmerman, to
determine whether Lee had the right to rescind the BSA under these
circumstances.  On July 13, 1999, Zimmerman
held a teleconference arbitration hearing in which Lee did not
participate.  On July 14, 1999, he issued
a Decision of Arbitrator.  The
Arbitrator’s Decision listed findings including: (1) time was not of the
essence; (2) both parties had partially performed under the BSA; (3) rescission
was not possible; (4) the settlement documents complied with the BSA; and (5)
Lee had no good cause to not execute them. 
The Arbitrator’s Decision ordered Lee to execute the settlement
documents, but again, she did not. 
Thereafter, Rosen requested this court to dismiss the first appeal and
enforce the BSA.  We denied that request,
abated the first appeal, and ordered that Rosen seek enforcement of the BSA in
a separate proceeding.[1]

            In November 1999, Rosen sued to
confirm the award of the arbitrator and filed a breach of contract action to
enforce the BSA.  Rosen subsequently
filed a Motion for Summary Judgment and Motion to Confirm Arbitration
Award.  In response to these motions, Lee
moved to vacate the arbitration award. 
The trial court confirmed the arbitration award on March 6, 2000.  Without specifying the grounds, the trial
court granted Rosen’s motion for summary judgment and entered a final judgment
on the next day, March 7,
 2000.  After the trial
court denied Lee’s motion for new trial, this appeal ensued.

Issues Presented

            Lee
challenges the various steps of the process leading to the trial court’s
confirmation of the arbitration award following the signing of the BSA, its
granting of Rosen’s motion for summary judgment and its ordering Lee to sign
the further settlement documents called for in the BSA.  Specifically, Lee contends: (1) the BSA is voidable because Rosen failed to comply with the BSA and
the mediator was not impartial; (2) the trial court erred in granting Rosen’s
motion for summary judgment and in signing the Final Judgment reflecting that
action; and (3) the trial court erred in confirming the arbitration award.

I.

Standard of Review

            A defendant moving for “traditional”
summary judgment has the burden of establishing that no genuine issue of
material fact exists as to one or more essential elements of the plaintiff’s
cause of action and that the defendant is entitled to judgment as a matter of
law.  Nardini v. Cont’l Airlines, Inc, 60 S.W.3d 197,
200 (Tex. App.—Houston [14th
Dist.] 2001, pet. denied) (citing Nixon
v. Mr. Prop.  Mgmt. Co., 690 S.W.2d
546, 548–49 (Tex.
1985)).  If the defendant meets this
burden, the plaintiff must then raise a genuine issue of material fact on the
targeted element of the plaintiff’s cause of action.  Gonzalez
v. City of Harlingen, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991,
writ denied).  In reviewing a summary
judgment, an appellate court accepts as true all evidence supporting the non-movant.  Nixon, 690 S.W.2d at 549.  A reviewing court also indulges all
inferences in favor of the non-movant, and likewise
resolves all doubts in his favor.  Id.  Where the trial court does not state the
grounds for granting the motion, and several grounds are provided, the
reviewing court must affirm the summary judgment if any of the theories
advanced are meritorious.  Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex.
1989).  Finally, because the propriety of
summary judgment is a question of law, we review the trial court’s decision de
novo.  Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).

II.

Was The BSA Voidable?

            Before we address Lee’s
other issues, we will address the question of whether the settlement agreement
executed by Lee and Rosen at the appellate mediation is voidable.  This issue arises because Lee failed to
execute the further settlement documents, the arbitrator in the subsequent
arbitration required Lee to execute the documents, but Lee still refused to do
so.  Accordingly, Rosen filed a suit for
breach of contract, and later a motion for summary judgment, and Lee
responded.  Specifically, Lee responded
with an affidavit in which she stated she had signed the BSA that required
delivery of further settlement documents to her by June 8, 1999, but those documents were not
delivered until June 11,
 1999.  Her affidavit, the
only affidavit submitted by Lee as part of her summary judgment proof, does not
contain any allegations her signature on the BSA was procured by fraud, mistake
or duress.  

            The Restatement of Contracts, § 7
Provides: “A voidable contract is one where one or
more parties have the power, by a manifestation of election to do so, to avoid
the legal relations created by the contract, or by ratification of the contract
to extinguish the power of avoidance.”  Restatement (second) of contracts § 7 (1981).  Comment b to § 7 addresses grounds of
avoidance, in part as follows: “Typical instances of voidable
contracts are those where the contract was induced by fraud, mistake, or
duress, or where breach of a warranty or other promise justifies the aggrieved
party in putting an end to the contract.” Restatement
(second) of contracts § 7 cmt. b (1981).  Because Lee did not raise the issues of
fraud, mistake, or duress in her summary judgment proof, she cannot present
those issues on appeal.  See Tex.
R. Civ. P. 166a(c) (stating issues not
expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal).  

            Lee’s primary support for her
contention the BSA is voidable is her complaint
regarding the three day delay in receiving the further settlement
documents.  She also contends the
mediator was not impartial.  Neither of
these arguments, however, can be used to support Lee’s position on appeal.

            Section 154.071(a) of the Civil
Practice and Remedies Code provides:  “If
the parties reach a settlement and execute a written agreement disposing of the
dispute, the agreement is enforceable in the same manner as any other written
contract.”  Tex. Civ. Prac.
& Rem. Code § 154.071(a) (Vernon
1997).  Thus, a mediated settlement
agreement is like any other contract and is enforceable under contract
law.  Martin
v. Black, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ
denied).

            The intent of the parties to be
bound is, however, an essential element of an enforceable contract.  Hardman
v. Dault, 2 S.W.3d 378, 380 (Tex. App.—San
Antonio 1999, no pet.).  Here the intent
of the parties to be bound is clear.  The
language in the BSA requiring the delivery of “any further settlement documents
to the other parties” by June 9 is not prefaced by the words “subject to.”  The “further settlement documents” clause
neither states nor implies the parties intended that the BSA was to be subject
to any subsequent action by the parties, or that the signing of documents was
to be a condition precedent to the formation of an enforceable contract.  Id. at
181.  Accordingly, since the BSA contains
all essential terms, and no fact issues exist concerning whether the parties
intended the BSA to be binding, we hold the BSA is, as a matter of law, an
enforceable, non-voidable contract. 

            Lee also challenges the BSA on the
ground the mediator was not impartial. 
This issue was not raised by Lee in her response to Rosen’s motion for
summary judgment requesting confirmation of the arbitration award requiring Lee
to sign the further settlement documents finalizing the BSA.  Under Civil Procedure Rule 166a(c), Lee has
waived that complaint on appeal, and it cannot be used on appeal to challenge
the enforceability of the BSA. 

            Finally, without raising this as a
point of error, Lee generally complains she was not represented by counsel at
the mediation, in contravention of the rules pertaining to appellate mediation
provided by this court.  At the time of the
mediation, the rules provided the mediator would only serve in cases in which
the parties are represented by attorneys. 
While this might be a legitimate challenge in this case, Lee failed to
preserve this issue by presenting it to the trial court as part of her summary
judgment proof.  Under Civil Procedure
Rule 166(a) she has waived this complaint on appeal as a basis of her challenge
to the BSA.  We overrule all of Lee’s
challenges to the validity of the BSA, and hold the BSA is a contract
enforceable against Lee. 

III.

Did the Trial Court Err in Granting the Motion For Summary Judgment?

            Rosen’s motion for summary judgment
was simply based on her petition to enforce the BSA.  That petition (1) alleged Lee breached the
BSA by failing to execute and return the further settlement documents in
accordance with paragraph five of the BSA, and (2) requested enforcement of
that agreement and confirmation of the arbitration award.  The trial court granted the summary judgment
in favor of Rosen on March 7,
 2000, ordering Lee to comply with the BSA and the arbitration
award by executing the settlement documents.[2]  We have held the BSA was an enforceable
contract, not voidable by Lee.  Accordingly, we hold the trial court did not
err in granting the summary judgment and
enforcing the BSA.  Further,
Lee’s second challenge to trial court’s summary judgment, that the trial court
erred in signing the Final Judgment granting the summary judgment, merely
duplicates her challenge to the order granting the summary judgment.  Because the trial court did not err in
granting the summary judgment, a fortiori
it was not error to “sign” that judgment. 
We overrule Lee’s challenge to the order granting summary judgment.

IV.

Did the Trial Court Err in Confirming the Arbitration Award?

            While difficult to discern, it appears
Lee’s complaint regarding the arbitration award is that the arbitrator was not
an impartial third party, and Lee was ambushed. 
That complaint has been waived under the Texas Arbitration Act (TAA).

            A.  Does the Texas Arbitration Act Apply?

            The BSA, which contains the
arbitration agreement, states the BSA shall be performable in Harris County,
Texas, and shall be construed in accordance with the laws of the State of Texas.  We hold this language subjects the
arbitration provision in the BSA to Texas law.  Lee’s argument the BSA is voidable
is the issue that was arbitrated.  A
claim that a contract is voidable is not a claim
precluded from arbitration under § 171.002 of the TAA.  See
Tex. Civ. Prac. & Rem. Code §
171.002 (Vernon Supp. 2002) (specifying those matters outside the scope of
Chapter 171, General Arbitration, of the Civil Practice and Remedies
Code).  Lee has not challenged the
application of the TAA here, nor has she contended the Federal Arbitration Act should
be applied.  The TAA applies to Lee’s
claims regarding the arbitration.

            B.  Analysis

            Section 171.087 of the Texas
Arbitration Act provides as follows: “Unless grounds are offered for vacating,
modifying, or correcting an award under Section 171.088 or 171.091, the court,
on application of a party, shall confirm the
award.”  Tex. Civ. Prac.
& Rem. Code § 171.087 (Vernon Supp. 2002)
(emphasis added).  Section 171.088 is
entitled “Vacating Award,” and describes certain circumstances which permit a
trial court to vacate an award, including evident partiality by an arbitrator
appointed as a neutral arbitrator, and misconduct or wilful
misbehavior of an arbitrator.  See Tex.
Civ. Prac. & Rem. Code § 171.088(a) (Vernon Supp.
2002).  That section requires, however, a
party to make application to vacate an award “not later than the 90th day after
the date of delivery of a copy of the award to the applicant.”  Id. at
171.088(b).  If the award was obtained by
corruption, fraud, or other undue means, a party must make an application to
vacate the award not later than the 90th day after the date the grounds are
known or should have been known.  Id.

            Similarly, section 171.091, entitled
“Modifying or Correcting Award,” permits the trial court to modify or correct
an arbitration award where certain showings are made by the applicant for that
relief.  See Tex. Civ.
Prac. & Rem. Code §
171.091(a) (Vernon Supp.
2002).  Section (b) states “[a] party
must make an application under this section not later than the 90th day after
the date of delivery of a copy of the award to the applicant.”  Id. at
171.091(b). 

            Lee states in her opening and reply
briefs that she received a bill from, and decision of, arbitrator on July 14, 1999.  Lee failed to submit either an application to
vacate the award or to modify the award within ninety days after the date of
delivery of a copy of the award to her. 
Indeed, the first time Lee made any objection to the arbitration award
in the trial court was in her response to Rosen’s motions for summary judgment
and to confirm the arbitration award. 
Lee’s response, seeking vacation of the award, was filed February 18, 2000, more than
seven months – and significantly more than ninety days – after she received a
copy of the arbitration award.  The
complaint made in Lee’s response to the motion to confirm award was that the
arbitrator was not an impartial third party and she was ambushed, the same as
her complaint on appeal.  

            The ninety day requirement in §
171.088 has been referred to as a limitations period.  See
Louisiana Natural Gas Pipeline, Inc., v. Bludworth Bond Shipyard, Inc., 875 S.W.2d 458, 462
(Tex. App.—Houston [1st Dist.] 1994, writ denied).  After the limitations period has expired, a
party cannot ask a court to vacate an arbitration award.  Id.  Because Lee did not present this complaint to
the trial court within ninety days of her receipt of the arbitration award, Lee
has waived, and we overrule, all of her complaints about the award. 

CONCLUSION

            Lee’s appeal is from the 234th District Court of Harris
County’s order to enforce the Binding Settlement Agreement Lee freely and
voluntarily signed following a mediation ordered by this Court.  We have addressed all of the issues we can
divine from her two appellate
briefs, and have overruled them. 
Accordingly, we affirm the March 7, 2000 Final Judgment and the March 6, 2000 Order Confirming Arbitration Award.

 

 

                                                                                    

                                                                        /s/        John S. Anderson

                                                                                    Justice

 

Judgment
rendered and Opinion filed August 22,
 2002.

Panel
consists of Justices Anderson, Hudson, and Seymore.

Do Not Publish
— Tex. R. App. P. 47.3(b).











            [1]  Rosen sought enforcement of the BSA in the
234th District Court of Harris County. 
When Lee appealed to this court the final judgment signed by the trial
court on March 7, 2000, we
assigned a new docket number to it—No. 14-00-00759-CV.  The first appeal, still in abatement, was
ordered dismissed by the March 7,
 2000 Final Judgment signed by judge of the 234th District Court.





            [2]  As explained in note one above, the March 7, 2000 Final
Judgment also ordered Lee to dismiss her appeal.  The appeal referenced is Lee’s original
appeal in this court’s cause No. 14-99-00120-CV.