Affirmed and Memorandum Opinion filed November 20, 2003
















Affirmed and Memorandum
Opinion filed November 20, 2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01153-CV

____________

 

PATRICIA K. CRYE, Appellant

 

V.

 

ROHMAX USA, INC., Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 295th District
Court

Harris County, Texas

Trial Court Cause No. 01-32337




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R A
N D U M   O P I N I O N

            Patricia Crye
appeals from a no–evidence summary judgment in her gender discrimination suit
against her employer, Rohmax USA, Inc.  The sole issue on appeal is whether Crye presented evidence she suffered an adverse employment
action.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.[1]  We affirm.

Discussion

            The parties are familiar with the
facts, so we will not recount them here. 
We utilize the normal standards in reviewing the grant of a no-evidence
summary judgment.[2]  Although it is difficult to determine Crye’s precise claim, she concedes she must prove an
adverse employment action taken against her.[3]  Rohmax’s motion argued
she failed to do so, and the trial court granted the motion.

            In
her response, Crye alleged a number of instances of
disparate treatment.[4]  But her proof was lacking—she attached only
(1) her original petition, (2) her answers to interrogatories, (3) the
deposition of Ronald Dale Bowman, and (4) an unsworn
statement from a co-worker, Robert W. Bowden, Jr.  Neither a party’s petition nor its own
answers to interrogatories constitute proper summary judgment proof.[5]  Similarly, an unsworn
statement is not competent summary judgment proof.[6]  

            Lastly,
while Bowman’s deposition was proper evidence, it does not support any of Crye’s allegations.  Bowman
repeatedly denied either the incidents or knowledge of the incidents, and
denied that Crye was treated differently from her
male coworkers.  He did mention Crye was disciplined on at least one occasion for poor job
performance, but a mere reprimand is not an adverse employment action.[7]  Accordingly, no evidence in Crye’s response raises a fact issue, and thus the trial
court properly granted Rohmax’s motion.

            On appeal, Crye
argues she suffered adverse employment actions because (1) she was
constructively discharged, as her reprimands caused her stress requiring an
extended medical leave, and (2) she lost a variety of company benefits due to
her leave.  But because these issues were
raised for the first time in her motion for new trial and there is no
indication the trial court granted leave to supplement the summary judgment
record, we cannot consider them.[8]  Accordingly, Crye’s
issues are overruled.

            The trial court’s judgment is
affirmed.

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed November
 20, 2003.

Panel consists
of Chief Justice Brister and Justices Anderson and Seymore.











[1]
See Tex. R. App. P. 47.4.

 





[2] See Tex.
R. Civ. P. 166a(i); King Ranch, Inc. v. Chapman, 46 Tex.
Sup. Ct. J. 1093, 1097, 2003 WL 22025017 (Aug. 18, 2003).

 





[3] See generally Tex. Labor Code §§ 21.001–.306 (“Texas
Commission on Human Rights Act”).  Although
Crye uses the phrase “hostile work environment” in
her petition, on appeal she does not assert the activities were so “severe and
pervasive” as to justify that claim.  See Burlington Indus., Inc. v. Ellerth,
524 U.S. 742,
743 (1998).

 





[4] Crye alleged that beginning in April 1999, she was:

 

more heavily
scrutinized than her male co-workers, excluded from reviews which directly
impacted her job, subjected to humiliation in the presence of her co-workers,
required to perform tasks that were not her duties, but rather the duties of
her foreman (a male) when other control men (operators) were not, and received
disciplinary actions for mistakes when males who made the same or similar
mistakes were not disciplined, all because of her sex, female.

 

Crye
further alleged that Rohmax delayed investigating her
reports of unfair treatment, and retaliated against her because of her
complaints.

 





[5] See Laidlaw Waste
Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660–61 (Tex. 1995)
(discussing impropriety of using pleadings as proof in summary judgment
context); Dorsett Bros. Concrete Supply,
Inc. v. Safeco Title Ins. Co., 880 S.W.2d 417, 420 (Tex. App.—Houston [14th
Dist.] 1993, writ denied) (“[O]ne’s own answers to
interrogatories cannot be used by a party opposing a motion for summary
judgment to raise a fact issue.”).

 





[6] See, e.g., Coastal Cement Sand Inc. v. First
Interstate Credit Alliance, Inc., 956 S.W.2d 562, 567 (Tex. App.—Houston
[14th Dist.] 1997, writ denied) (“Without the notarization or jurat, the unsworn statement is
not an affidavit, and it is not proper summary judgment proof.”).

 





[7] See, e.g., Elgaghil
v. Tarrant County Junior Coll., 45 S.W.3d 133, 139 (Tex. App.—Fort Worth
2000, pet denied) (citing  Messer v. Meno,
130 F.3d 130, 140 (5th Cir.1997)).  Crye cites Sharp v.
City of Houston, 164 F.3d 923,
933 (5th Cir. 1999), for the proposition that a reprimand can be an adverse
employment action.  Although Texas courts
do look to federal case law regarding discrimination under the TCHRA, see M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 24 (Tex. 2000), we
consider only Title VII cases for this purpose and not cases tried under 42
U.S.C. § 1983, see Nardini
v. Cont’l Airlines, Inc., 60 S.W.3d 197, 201
(Tex. App.—Houston [14th Dist] 2001, pet denied) (stating the TCHRA is modeled
on federal law for purpose of executing policies in Title VII of the Federal
Civil Rights Act of 1964).  Sharp was a section 1983 case, not a
Title VII case.  164 F.3d at 933.  The definition of adverse employment action
differs between cases tried under section 1983 and Title VII.  Id. at 933 n.21.  The definition in Sharp is therefore not applicable to the present case.

 





[8] See McMahan v. Greenwood, 108 S.W.3d
467, 482–83 (Tex. App.—Houston
[14th Dist.] 2003, no pet. h.); Leinen v. Buffington’s
Bayou City Serv. Co., 824 S.W.2d 682, 685 (Tex.
App.—Houston [14th Dist.] 1992, no writ).